Good morning. May it please the Court, Counsel, Nell Brown on behalf of Petitioner-Appellant Mr. Bravo. I'll try to reserve two minutes of my time for rebuttal. This habeas corpus case presents an ineffective assistance claim under Strickland. I plan to start with the question of prejudice and then address the issue of performance and then the issue of the familiar standard. I have to show on behalf of the Petitioner a reasonable probability I need to understand the Argonne sentencing system better than I do. Okay. Sorry. I'm sorry. I have a question. There is a presumptive sentence and then there is there are various possible enhanced or aggravating factors. The aggravating factors have to go to a jury or at least it's understood that under Blakely they have to go to a jury. Now once there is an aggravating, one or more aggravating factors found, then when the judge, the judge still doesn't have to give the enhanced sentence, right? Correct. In deciding whether to give the enhanced sentence, is the judge, is this a system like the Federal system where the judge can then look at a set of factors within the maximum permitted sentence and decide what sentence to give? Or can he only look at the official aggravating factors in deciding which sentence to give, even though he doesn't, it's still discretionary? The judge must give the presumptive guideline sentence, which here was 55 to 66 months, unless he finds substantial and compelling reasons to depart. Okay. Where there's an interplay between the Blakely-Cunningham Federal line of cases and that substantial and compelling reason, so the jury has to find those aggravating factors. So if a jury What if he says, well, look, the jury found aggravating factors. I agree with those aggravating factors, and so that allows me to give the higher sentence. And I'm going to give the higher sentence because of those aggravating factors, and also because of A, B, and C. He cannot do that. That's essentially what happened here. I'm trying to find out why not. He cannot rely on any aggravating factor that's not proven to the jury and for which he doesn't articulate the substantial and compelling reasons. So the judge could have, if I understand you, independently relied on those three factors that the jury found and simply reached the sentence that he reached here. That is true. But where the judge has this longer list of factors that he deems important, what he said in his mind, the aggravating factors in the Court's mind are age, criminal history. Aggravating factors are just factors. I mean, I'm going to go to the authority to give this sentence, and I'm going to give it, and here's why I'm going to give it. Right. Aggravating factors is a term of art under Oregon law. Oregon law requires the presumptive sentence unless a substantial and compelling reason is found, and aggravating factors is the term of art that describes the permissible reasons. The judge could have given this sentence, ignoring what you're now complaining about, right? That is correct. He could have relied only on the factors described by the juror, found by the jury, in order to reach this same sentence. But under the prejudice Why is it that determinative? That is not determinative because the test for Strickland is whether there's a reasonable probability that the result would have been different. This judge explained that he relied on those factors found by the jury as well as age, and had he been had the attorney objected and made him aware that age was an impermissible factor, we cannot have confidence that he wouldn't have done something different. But he relied on his criminal's record. He does. Right? And is that one of the aggravating factors that was found? He lists that as an aggravating factor as well. I know he did. Was that one of the ones the jury found? Well, the jury found factors that were similar to that, but that's not the wording of the factors the jury found, and it's also something that goes into the presumptive guideline sentence that would have been the 55 to 66 months that the judge had permission to give absent finding of any substantial and compelling reason to depart. The reason that I argue we have prejudice here is because this judge listed several factors that he felt were important, and taking away any one of those factors, he might have done something different. And that is the test under Strickland, whether we can have confidence that the same result would have obtained. Could he have gotten to the same number? Yes. But the defense attorney here asked for no departure at all. There was obviously a substantial sentence that had just been imposed a couple months earlier. This gentleman was going to do 200 mandatory months on another case. He was going to be in custody until he was age 57. And so the defense was asking for no departure at all. Had the judge understood that age could not be relied upon, he may have reached a different calculus. I'm not complaining that he weighed the factors incorrectly, but I'm saying that we don't know what he — how he would have weighed those factors if he had known he couldn't rely on age. He mentions age twice. It's the first factor he mentions when he describes the aggravating factors in his mind, as opposed to those he had already listed that the jury had found. And then the last thing he says before he imposes the departure is, the age of the victim will result in a departure. Because of that repetition and because the Court clearly lists age as an important factor in his calculus, we don't know or we cannot be reasonably certain what he would have done if he had known that could not be considered. Briefly, I'll address the AEDP. The jury considered the victim's age in the context of whether or not Mr. Bravo was guilty of this offense. It necessarily did find his age or her age was under the age of 18. In order to depart or treat age as an aggravating factor — During the trial, did the jury learn the victim's age? There was testimony about the victim's age in order — yes, that was a factor. But in order to depart based on age, you can't in Oregon depart on age alone. He didn't depart. He gave the sentence that was within the guidelines, right? No. Under Oregon law, the guideline sentence was 55 to 66 months. He departed nearly doubling that sentence to 120 months. Oregon law requires — that is a departure under Oregon law. He was within the statutory maximum, but not within what Oregon considers the presumptive range, which would have been the 55 to 66 months. So this is a departure sentence that the Court imposed, and there's no dispute about that in this case. What is your authority for the proposition that under Oregon law, the judge in choosing a valid — whether to use the higher of the valid sentences is restricted to the particular holistic view of the situation? Oregon — the Oregon administrative rules list permissible departure factors, and they have a list of mitigating factors and aggravating factors. All right, but — I mean, the way I'm looking at it, the departure has already been proven, i.e., the availability of the higher sentence. It's already been proven. So now we have the question, are we going to use the lower sentence or the available higher sentence? Essentially, the constitutional requirement of increasing the maximum has already been met. So the maximum is now, you know, A plus X instead of A. And the question is, should he get A or A plus X? And I want to know what is the authority at Oregon for the proposition — in Oregon law for the proposition that in deciding whether to impose an already permissible sentence, A plus X, because of the aggravated findings that were already found, he can't look at the — a range of factors, but only has to consider the particular ones already found? I cite the Upton case on page 17 of my brief, which is an Oregon case. But the law generally in Oregon is that for each aggravating factor, the court has to state on the record that factor and the substantial and compelling reasons that allow the court to depart. So the Oregon law is clear that for each fact that it — the court finds that it's using to depart, it has to explicitly describe that, which, of course, this court does, but age alone, without some particular vulnerability or some reason that age made this person, this victim, more vulnerable than the average person who's captured by the conduct in this crime, was not demonstrated. Okay. Thank you very much. We'll give you a minute to go. May it please the Court and counsel, Jeff Payne on behalf of the State. Excuse me. I want to begin with this Court's questions about the distinction between an aggravating factor and consideration of other facts under Oregon sentencing law, because the Court has hit the nail on the head, and that distinction is fatal to Petitioner's argument. Under Oregon law, and this is under Upton, which is cited on page 17 of the response brief, there is a two-step process. First of all, you have the statutory limit. And within that statutory limit, as the Court has pointed out, the judge may consider any factors in determining whether to go to the upper end or the lower end. For instance, the court's view. And what is your authority for that? State v. Upton. Well, Upton doesn't – I mean, well, it's just, at least what I'm looking at in Upton, if anything, favors your opponent's view, but it really isn't discussing that question. It says that something to the effect of second, there must be a determination of whether the factors so proved provide a substantial and compelling reason that justifies imposing a sentence beyond the presumptive range. And I don't know – so if you read that literally, I suppose it would only be those factors that have to be considered. And – but that wasn't the issue in the case. And is there any other discussion in the case about that? Well, I think the way that I interpret Upton is once the jury has found those aggravating factors, which increases the statutory limit, the judge is authorized within that statutory limit to consider any number of factors, just as he is before. Where does it say authorized to consider any number of factors? What it actually says is the factors so proved. On page 679 and 80, it talks about the – after the jury has found the aggravating factors, the Court may impose a departure sentence if it finds that the factors provide a substantial and compelling reason to do so. In determining what constitutes substantial and compelling reasons, the Court can also consider the other things, other factors. For instance, one of the things that frequently comes up in these is the Court may say, okay, I have this range in a sentence here. I've noticed during the trial that the defendant's demeanor is bad. He's shown no remorse. He has been dismissive of the proceedings. Based on that, I'm going to go to the upper end of the sentence, and I can go to the upper end of the departure on that. Likewise, on the other hand, the Court could say, I've noticed the defendant's demeanor has been exemplary. He has taken responsibility for his crimes. He has cooperated here. Therefore, I'm going to go on the lower end. That works with both the statutory limit and when that statutory limit increases by virtue of the aggravating factors found by the jury. And that's what we have in this case, and the Court, excuse me, the State PCR Court understood the distinction between the aggravating factors and the circumstance, the age that the Court was considering. The actual written finding from the State PCR Court said, although, excuse me, the judge mentioned her age as a consideration, it doesn't mean it used it as an aggravating factor. And that distinction is why under Strickland here, there is no failure to exercise professional judgment because the Court, as a matter of law, was allowed to consider the age once the jury had found those factors. So the first prong of a ---- The other part of Strickland is also whether or not the proceedings would be different had he noted the objection. Yes, the prejudice prong, yes. Well, to establish prejudice, the Petitioner has to show a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. And here, it's far too speculative to establish a reasonable probability. Counsel argued we don't know. We don't know. So is there a reasonable probability if we don't know? No, there's not. There has to be more than that. And particularly on the record in this case where the Court specifically, Sensing Court specifically cited the three factors and said it found those conclusive and it concurred with them, you've got sort of three possibilities, or excuse me, two possibilities that might have been so focused. I mean, he did repeat this twice. He said it first. It didn't seem to be heavily on his mind, though. That he did repeat it twice. That doesn't create the reasonable probability that had counsel spoken up and said, Your Honor, you shouldn't consider age, that he would have resulted in a lower sentence because that's the pivotal point here in determining what is the difference in the outcome, is would it have been a shorter sentence. On this record, given what the trial court considered, it's purely speculation to say that it would have been a shorter sentence had defense counsel objected. Excuse me. The three factors were more than the three jury factors were more than sufficient for the court to do that. In fact, the court discussed each of those factors and said they're very strong factors. It did not have any question about the jury's finding of those. So at best, there are two possibilities. Had counsel piped up and objected, the court could have said, I'm not going out, I'm not considering age, I'm still going with the sentence because I have these. And the other option is to say, yes, the same sentence still holds true. It's purely speculative to say that had counsel said you can't consider age, that the court would have somehow said, oh, okay, I'll knock off 6 months or a year or whatever off of the sentence.  off of the sentence. And the other option is to say, yes, the same sentence still holds true, but it's purely speculative to say that had counsel piped up and objected, the court could have said, oh, okay, I'll knock off 6 months or a year or whatever off of the sentence. And the other option is to say, yes, the same sentence still holds true, but it's purely speculative to say that had counsel piped up and objected, the court could have said, oh, okay, I'll knock off 6 months or a year or whatever off of the sentence. And the other option is to say, yes, the same sentence still holds true, but it's  have said, oh, okay, I'll knock off 6 months or a year or whatever off of the sentence. And the third factor was that incarceration of the Petitioner was necessary for the public, for the protection of the public. And so the sentence is far too speculative to meet the reasonable probability standard for that. And I think, excuse me, when you've got the doubly deferential standard under AEDPA here, the post-conviction court's findings are entitled to much more deference. What counsel seems to be saying is trying to sort of go back one layer below AEDPA and revisit the things, but that's not the way that this works at this stage of the game. So I guess, in summary, I would just point out that the court is correct in the way that the Oregon sentencing works, that the judge can consider other factors besides the aggravating factors when it imposes the sentence. And because the sentencing court could do that, the state PCR court's findings are not an unreasonable application of Federal law. It correctly found that counsel had not failed to exercise professional skill in judgment because an objection would have been futile in this case because the court, the sentencing court had the lawful authority to do what it did. It also correctly found that there was no prejudice under Strickland. And I believe unless the Court has any other questions, I think that's all I have. Thank you. Tell me why you think there's a reasonable probability of a different result. I think there's a reasonable probability of a different result because the judge had a number of factors in front of him that he found important. He didn't tell us through the record which factors were most important. Perhaps age weighed significantly in his calculus. We don't know that. Had age been taken out of that calculus, he might have done something different in he is allowed to give any sentence from 50, less than 55 months, but 55 to 60, he could give one day different. There's a reasonable probability. He's got these other factors. Are they named? Correct. None of which were age-related. Well, this Court cannot have confidence that he would not have done something different. And that could be different by one day. It could be different by six months or a year. It could be any different sentence. Is that the test? I've got to be confident? Yes. You have to have a reasonable, yes, under the Strickland standard, reasonable probability the outcome will be different, and that standard turns on your confidence in the change in the outcome. Yes. Is your opponent correct that once the enhanced sentence is authorized, the judge has discretion within the range as to what the sentence is? Correct. The judge could give any sentence. If he wants to give a departure, he can give it. How is he supposed to figure that out? That's up to the discretion of the judge. Can he rely on non-aggregating factors for that purpose? I don't believe so. I believe that Blakely required anything that goes into the departure has to be proved to the jury beyond a reasonable doubt. Well, I understand. The departure was proven. Once the departure is proven, he now has a range, let's say it's, I don't know, two years or three years, within which he can sentence. As long as he doesn't rely on a factor that was not also proven. As long as he bases that departure wholly on factors that were proven. Okay. You've used your time. Thank you very much. Thank you. The case of Bravo v. Taylor is submitted. The next case, Bujon v. J. Farmer. Fire is submitted on the briefs. And we'll go to the last case of the day.
judges: Berzon, Watford, Walter